Skip to Main Content Logout My Account Search Menu Search Civil, Family, Probate and Tax Court Case
Records Refine Search  Back                                                                Location : All Locations   Images Help

# REGISTER OF ACTIONS
## CASE NO. 21CV49187

| | | |
|---|---|---|
| **Kryss Longwell vs Avenue 5 Residential LLC, Mercury Township Fee Owner, LLC** | § § § § § § | Case Type: **Tort - General**<br>Date Filed: **12/29/2021**<br>Location: **Multnomah** |

---

### PARTY INFORMATION

|  |  | **Attorneys** |
|---|---|---|
| Defendant | **Avenue 5 Residential LLC** | |
| Defendant | **Mercury Township Fee Owner, LLC** | |
| Plaintiff | **Longwell, Kryss** | **Kristen West McCall**<br>*Retained*<br>503 223-7770(W) |

---

### EVENTS & ORDERS OF THE COURT

**OTHER EVENTS AND HEARINGS**

| | | | |
|---|---|---|---|
| 12/29/2021 | **Complaint**<br>*Personal Injuries; Not Subject to Mandatory Arbitration*<br>Created: 12/30/2021 8:09 AM | | |
| 12/29/2021 | **Service** | | |
| | Avenue 5 Residential LLC | Served<br>Returned | 01/25/2022<br>02/03/2022 |
| | Mercury Township Fee Owner, LLC | Served<br>Returned | 01/13/2022<br>01/31/2022 |
| | Created: 12/30/2021 8:09 AM | | |
| 01/31/2022 | **Proof - Service**<br>Created: 02/02/2022 4:03 PM | | |
| 02/03/2022 | **Proof - Service**<br>Created: 02/07/2022 12:12 PM | | |

---

### FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| **Plaintiff** Longwell, Kryss | | | |
| Total Financial Assessment | | | 594.00 |
| Total Payments and Credits | | | 594.00 |
| **Balance Due as of 02/11/2022** | | | **0.00** |
| 12/30/2021 | Transaction Assessment | | 594.00 |
| 12/30/2021 | xWeb Accessed eFile | Receipt # 2021-799311 | Longwell, Kryss | (594.00) |

12/29/2021 2:40 PM
21CV49187

1
2
3
4
5
6
7       **IN THE CIRCUIT COURT OF THE STATE OF OREGON**
8             **FOR THE COUNTY OF MULTNOMAH**

| | | |
|---|---|---|
| 9 | **KRYSS LONGWELL,** ) | Case No. |
| 10 | ) | **COMPLAINT** – Oregon Residential Landlord and Tenant Act; Common Law Negligence (Personal |
|  | Plaintiff, ) | |
| 11 | ) | Injuries); Negligence *Per Se*; Diminution of Rental Value ORS 90.365(1); Attorney Fees per ORS |
|  | v. ) | 90.360 |
| 12 | **AVENUE 5 RESIDENTIAL LLC,** and ) | |
|  | **MERCURY TOWNSHIP FEE OWNER,** ) | Amount in Controversy: $526,708.64 |
| 13 | **LLC,** ) | |
|  | ) | Not Subject to Mandatory Arbitration |
| 14 | Defendants. ) | Demand for Jury Trial |
| 15 | ) | Fee Authority: ORS §21.160(1)(c) |
| 16 | ) | |

17
18
19   Plaintiff alleges:

20                     1.

21     At all material times hereto:

22        a)    Plaintiff Kryss Longwell ("MS. LONGWELL") was a tenant renting 700
23                SE 5th Ave, Apartment L101 ("THE APARTMENT"), in the city of
                   Canby, County of Clackamas, state of Oregon;

24        b)    Defendants Mercury Township Fee Owner, LLC owned the rental property
25                at 700 SE 5th Avenue known as "The Township", including residential
                  apartment L101 referenced in this Complaint, located in the city of Canby,
26                county of Clackamas, state of Oregon;

**PICKETT DUMMIGAN MCCALL** LLP
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

c)  Defendants Avenue 5 Residential, LLC was a duly organized corporation acting as the property manager and/or landlord of the rental property at 700 SE 5th Avenue known as "The Township", including residential apartment L101 referenced in this Complaint;

d)  At all material times, there was in full force and effect a declaration of a state of emergency issued by the Governor related to the outbreak of COVID-19 in the state of Oregon. Plaintiff relies on the extension of time to commence and action or give notice of a claim as set forth in Section 7 of Oregon Laws 2020, Chapter 12, First Special Session and HB 4212 in propounding claims based on ORS Chapter 90.

2.

On or about July 1, 2019, Ms. Longwell moved into the apartment. At some point that following winter, between October 2019 and March 2020, defendants inspected the apartment and its grounds and appurtenances, including the backyard of the apartment. At that inspection, Ms. Longwell met with property manager Gigi Lentzas and discussed the property. Ms. Longwell showed Ms. Lentzas some issues with the backyard, specifically near the elevated back porch -- the dirt had eroded from the concrete porch so that stepping up and down was at a significant height, too high for Ms. Longwell to navigate comfortably. Ms. Longwell pointed out that she had placed a cinder block as an intermediate step down to be able to get on and off the porch. From the porch there was a path that lead to the trash and parking area and that walking path had an uneven surface. Ms. Longwell shared that her disability made it so that she had difficulty lifting her foot very well, which is in part why she needed the cinderblock step to get up and down from the porch. Ms. Longwell showed Ms. Lentzas a chef's table, which had been placed along the side of the house, which Ms. Longwell would occasionally use to steady herself on the uneven pathway because there was no handrail, and the walking surface was uneven. At that time, the roof, and gutters directly above the path were in disrepair which was causing rainwater to flow directly on the roots of the tree and the base of the deck, eroding the dirt exposing the tree roots, creating trip hazards.

///

///

Page 2 – COMPLAINT

PICKETT DUMMIGAN MCCALL llp
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

3.

On May 15, 2020, Ms. Longwell was stepping down from her porch into the backyard and tripped over the patchwork of severely exposed tree roots. Ms. Longwell tripped, fell forward down the hill and hit the chain-link fence at the base of the yard. She then fell backward and hit the ground. Ms. Longwell hit the bridge of her nose on the fence and hyperextended both wrists and lower arms in an attempt to catch herself before falling backward and hitting her head and back on the ground.

4.

Ms. Longwell was transported to Providence Willamette following the fall due to the pain she was experiencing in her hands, arms, back, and neck. She was thereafter transferred to Providence St. Vincent by ambulance for neurological observation. Testing at Providence St. Vincent revealed a spinal cord contusion with hypersensitivity measuring 1.5 cm in length centered at the C4-5 disc level.

5.

On May 21, 2020, Ms. Longwell underwent anterior cervical discectomy and fusion surgery due to severe cord compression and stenosis exacerbated by the spinal cord injury she had incurred in the fall six days earlier.

6.

On June 26, 2020, Ms. Longwell reported her fall to management at the apartment complex caused by the dangerous conditions, including the exposed tree roots, gutters in disrepair and the 12-inch drop from the concrete slab patio to the ground. Representatives of the property informed her that they would fix the yard by hiring a landscaper who would level the yard and cover the exposed root system. Despite continued communications from Ms. Longwell no repairs were made. The yard remained not only dangerous for Ms. Longwell, but after her fall it was entirely unusable to her as she could not navigate the 12-inch drop from her concrete

Page 3 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

1  slab porch to the rest of the yard with her wheelchair, and even if she could safely get to the

2  yard, she could not then navigate the web of exposed tree roots.

3                                                7.

4       During plaintiff's residency at The Township, the property was in a dangerous

5  condition due to defendants maintaining a backyard with gutters in disrepair, a deck too high to

6  create a reasonable step to get down or up, and an uneven pathway with exposed tree roots

7  creating trip hazards.

8

9                          **FIRST CLAIM FOR RELIEF**

10       **(Failure to Maintain Dwelling in Habitable Condition – ORS 90.360)**

11                                               8.

12       Plaintiff realleges and incorporates ¶¶ 1 through 7 as set forth above.

13                                               9.

14       Plaintiff was a tenant as that term is defined in ORS 90.100(45). Defendants, and each of

15  them, were either owners or landlords as that term is defined in 90.100(22).

16                                               10.

17       Defendants, and each of them, violated ORS 90.320(1), specifically section (a), in the

18  following ways by failing to maintain the Property in a habitable condition at all times during

19  Plaintiffs' tenancy:

20       a)    In failing to keep and maintain the backyard area of apartment L101 in safe
             condition for normal and reasonably foreseeable uses by plaintiff;

21                                               11.

22       Defendants' conduct as set forth above and herein were a substantial factor in causing,

23  contributing to, or exacerbating the following injuries to plaintiff, some of which may be

24  permanent:

25       a)    Spinal cord contusion at C4-5;

26       b)    Weakness in biceps, triceps, and deltoids;

Page 4 – COMPLAINT

c)    Weakness & pain in hands;

d)    Neck pain;

e)    Spinal stenosis and cord signal change at C4-5;

f)    Spinal cord compression.

12.

As a result of defendants' conduct, Kryss Longwell has endured pain and distress, and her activities of daily living have been adversely affected, all to her noneconomic damages in a sum not less than $500,000.00.

13.

As a result of defendants' conduct, plaintiff incurred reasonable and necessary medical expense in the approximate amount of $19,562.64 for the conditions caused by defendants' negligence, all to her economic damage.

14.

Pursuant to ORS 90.360(2), plaintiff is entitled to recover noneconomic damages resulting from defendants' violations of ORS 90.320 as set forth above.

15.

Pursuant to ORS 90.255, plaintiff is entitled to recover reasonable attorney fees and costs and disbursements incurred in this action.

///

///

///

///

///

///

///

///

Page 5 -- COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

**SECOND CLAIM FOR RELIEF**
**(Common Law Negligence)**

16.

Plaintiff re-alleges and incorporates ¶¶ 1 through 8, and ¶¶ 9 through 12 of her First Claim For Relief.

17.

Defendants, and each of them, had a duty to plaintiff arising from the landlord/tenant relationship to maintain areas of the property over which they maintained control in a safe and habitable condition free of dangerous conditions.

18.

Defendants, and each of them, breached their duty to plaintiff in one or more of the following ways:

    a)  In failing to maintain the premises in good repair – to wit, the rain gutter which caused severe erosion to the tree roots creating a trip hazard on the walking path;

    b)  In failing to maintain the premises in good repair – to wit, the porch at a height of 12 inches without a step down at a reasonably height to exit the porch into the backyard and the walking path which lead to common areas including the trash and parking areas;

    c)  In otherwise failing to maintain the yard for normal and reasonably foreseeable uses and to keep it free from trip hazards.

19.

Defendants' aforementioned breaches of duty to plaintiff created a foreseeable risk of harm to plaintiff.

20.

Defendants' negligence as set forth above was a substantial factor in causing, contributing to, or exacerbating plaintiff's injuries to plaintiff as set forth in above in ¶¶ 12. Plaintiff is

Page 6 – COMPLAINT

PICKETT DUMMIGAN MCCALL LLP
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

1    entitled under Oregon common law to recover economic and noneconomic damages as set forth

2    above.

3                              **THIRD CLAIM FOR RELIEF**
                                    **(Negligence *Per Se*)**
4                               **(Against All Defendants)**

5                                          21.

6        Plaintiff realleges and incorporates ¶¶ 1 through 8, and ¶¶ 9 through 12 of her First Claim

7    For Relief as set forth above.

8                                          22.

9        Defendants, and each of them, in one or more of the following ways violated ORS

10   90.320, which requires a landlord to maintain a dwelling unit in a habitable condition at all

11   times during a tenancy:

12       a)    In failing to maintain all areas under control of the landlord, specifically the
                backyard of apartment L101, in every part safe for normal and reasonably
13              foreseeable uses, thereby violating the standard of care set by ORS
                90.320(1)(f); and
14

15                                         23.

16       In committing such violations above, defendants were negligent as a matter of law and

17   are liable on that basis.

18                                         24.

19       Plaintiff, as tenant and occupant of rental property, was a member of the class intended

20   by the Oregon Legislature to be protected by the statute referenced above. The harms suffered

21   by plaintiff were of a kind the statute was intended to prevent.

22                                         25.

23       Defendants' *per se* negligence as set forth above was a substantial factor in causing,

24   contributing to, or exacerbating injuries suffered by plaintiff, as set forth in above in ¶¶11, and

25   for plaintiff's economic and non-economic damage as set forth in ¶¶15 and 16, above. Plaintiff

26

Page 7 – COMPLAINT                                    **PICKETT DUMMIGAN MCCALL LLP**
                                                         210 S.W. Morrison Street, 4th Floor
                                                              Portland, Oregon 97204
                                                                  (503) 223-7770

1  is entitled under Oregon common law to recover economic and noneconomic damages as set forth

2  above.

3

4                              **FOURTH CLAIM FOR RELIEF**
                **(Breach of Rental Agreement/Diminution of Rental Value – ORS 90.365)**

5                                        26.

6      Plaintiff realleges and incorporates ¶¶ 1 through 8 and ¶¶ 22 as set forth above.

7                                        27.

8      Defendants, and each of them, violated ORS 90.365(1), in failing to provide an essential

9  service, as alleged in paragraph 22, thereby diminishing the rental value of the property, in

10  maintaining the premises in uninhabitable condition after Ms. Longwell's fall and after receiving

11  notice of such conditions on June 26th, 2020. Ms. Longwell seeks diminution of rental value of the

12  property from June 26th, 2020, through the date of the filing of this lawsuit, or until such a time as

13  the dangerous condition is repaired.

14                                        28.

15      As a result of the failure alleged above, plaintiff's rental value was reduced by no more

16  than 25% which entitles her to refund of $7,146.00 to date, for loss of use of the backyard and

17  means to exit the apartment. Plaintiff's monthly rent due was $1,588.00.

18

19      WHEREFORE, plaintiff prays that judgment be entered against defendants, and each of

20  them, as follows:

21

22      a)    That plaintiff be awarded approximately $19,562.64 in medical expenses;

23      b)    That plaintiff be awarded a sum not to exceed $500,000.00 in noneconomic
              damage;

24

25      c)    That plaintiff be awarded $7,146.00 today; or such a sum to be determined at
              trial representing diminution of rental value of the property through the date or
26            repair for loss of use of the backyard and pathway to exit the property;

Page 8 – COMPLAINT                                    **PICKETT DUMMIGAN MCCALL LLP**
                                                      210 S.W. Morrison Street, 4th Floor
                                                      Portland, Oregon 97204
                                                      (503) 223-7770

1

2

   d)    That plaintiff be awarded reasonable attorney fees incurred in this action pursuant to ORS 90.255;

3

   e)    That plaintiff be awarded a prevailing party fee and costs and disbursements herein;

4

5

   f)    That plaintiff be awarded other and further relief as this court deems just and equitable.

6

7

DATED this 29th day of December, 2021.

8

9

10

*/s/ Kristen McCall*
Kristen McCall, OSB #061380
PICKETT DUMMIGAN MCCALL LLP

11

*Of Attorneys for Plaintiff*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Page 9 – COMPLAINT

**PICKETT DUMMIGAN MCCALL LLP**
210 S.W. Morrison Street, 4th Floor
Portland, Oregon 97204
(503) 223-7770

1/31/2022 1:37 PM
21CV49187

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

KRYSS LONGWELL,

        Plaintiff,                     Case No. **21CV49187**

   vs.

                                  CERTIFICATE OF SERVICE

AVENUE 5 RESIDENTIAL LLC, and
MERCURY TOWNSHIP FEE OWNER, LLC,

        Defendant.

_____/

STATE OF OREGON
County of Multnomah       ss.

I, Edmund Knowles, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **MERCURY TOWNSHIP FEE OWNER, LLC**, by personal service upon Sharon Walls, the clerk on duty in the office of the registered agent, Corporation Service Company, 1127 Broadway Street, NE Ste. 310, Salem, OR 97301 on January 13, 2022 at 1:05 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this _17_ day of _Jan_ ,20_22_.

X _Edmund Knowles_
Edmund Knowles
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*356661*

2/3/2022 10:37 AM
21CV49187

IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

KRYSS LONGWELL,

       Plaintiff,

   vs.

AVENUE 5 RESIDENTIAL LLC, and
MERCURY TOWNSHIP FEE OWNER, LLC,

      Defendant.

_____/

Case No. **21CV49187**

CERTIFICATE OF SERVICE

STATE OF OREGON
County of Multnomah       ss.

I, Steven C. Black, hereby certify that I am a competent person 18 years of age or older, a resident of the State of Oregon and that I am not a party to nor an attorney for any party in the within named action; that I made service of a true copy of:

*Summons and Complaint*

CORPORATE SERVICE - Pursuant to ORCP 7D(3):

Upon **AVENUE 5 RESIDENTIAL LLC**, by personal service upon Tom Larson, the clerk on duty in the office of the registered agent, Registered Agent Solutions, Inc., 8130 Beaverton-Hillsdale Hwy., Portland, OR 97225 on January 25, 2022 at 12:05 PM.

I declare under the penalty of perjury that the above statement is true and correct.

Dated this _26th_ day of _January_ ,20 _22_ .

X _____
Steven C. Black
Nationwide Process Service, Inc.
315 W Mill Plain Blvd, Ste. 206
Vancouver, WA 98660
503-241-0636

*356660*